NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN MAGALLANES-GUZMAN,

No. 22-446

Petitioner,

Agency No.
A206-401-725

v.

MEMORANDUM*

MERRICK B. GARLAND, Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2024**
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Juan Antonio Magallanes-Guzman, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of

the Immigration Judge's (IJ) decision denying his applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252. Because the parties are familiar with the facts, we do not restate them here. For the reasons stated below, we deny the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). We review findings of fact under the substantial evidence standard, meaning the agency's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (internal quotation marks and citation omitted).

1.      "To establish that a proposed social group is cognizable for purposes of withholding of removal, an applicant must show that [the group] is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1199 (9th Cir. 2023) (internal quotation marks and

---

[1] The IJ concluded that Magallanes-Guzman was ineligible for asylum because he did not timely file his application or establish that he qualifies for an exception excusing untimeliness. Magallanes-Guzman did not contest this determination on appeal to the BIA.

citation omitted). "The BIA's conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence." *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020).

Substantial evidence supports the agency's determination that Magallanes-Guzman did not meet his burden of proof to show that his proposed group— "Mexican native[s] who had been raised as a Spanish bilingual in American culture and will become homeless due to an addiction to alcohol and mental health issues"—is socially distinct.[2] "Social distinction requires evidence that 'society in general perceives, considers, or recognizes persons sharing the characteristic to be a group.'" *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021) (quoting *Matter of W-G-R-*, 26 I. & N. Dec 208, 217 (B.I.A. 2014)). Evidence can include "country conditions reports, expert witness testimony, and press accounts of discriminatory laws and policies, historical animosities, and the like." *Acevedo Granados v. Garland*, 992 F.3d 755, 763–64 (9th Cir. 2021). Magallanes-Guzman

---

[2] Magallanes-Guzman argues that membership in his family constitutes an alternate particular social group (PSG). "[I]n some circumstances, a family constitutes a social group for purposes of … withholding-of-removal." *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1095 (9th Cir. 2002). But this was not a PSG Magallanes-Guzman proposed before the IJ or the BIA. We therefore decline to consider it. *See Aguilar-Osorio v. Garland*, 991 F.3d 997, 1000 n.2 (9th Cir. 2021) ("We lack jurisdiction to address Aguilar-Osorio's alternative PSG that he raised [on appeal] for the first time.").

offers nothing beyond his own speculation to suggest that Mexican society views "English[-speaking] homeless Americanized Mexican natives addicted to alcohol" and who have mental health issues as a distinct social group, which is not enough to compel such a conclusion. *Gutierrez-Alm*, 62 F.4th at 1200.

2.      Substantial evidence also supports the BIA's determination that Magallanes-Guzman did not demonstrate he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country," and is therefore ineligible for CAT protection. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). We understand that Magallanes-Guzman fears that he will be targeted for recruitment by criminal cartels and that if he refuses he will be tortured by the cartels or by the Mexican government. But Magallanes-Guzman only speculates that he faces a risk of torture, and "generalized evidence of violence and crime in Mexico is not particular to [a petitioner] and is insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**